IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
January 23, 2013 Session

## LESLIE WOOTEN, JR.
v.
## CLAY BARNETT, CFE CORPORATE SECURITY,
FIRST HORIZON NATIONAL CORPORATION

Appeal from the Chancery Court of Shelby County
No. CH112096    Walter L. Evans, Chancellor

No. W2012-01391-COA-R3-CV - Filed April 5, 2013

This appeal involves a lawsuit against a bank.  Representing himself, the plaintiff customer filed this lawsuit against the defendant bank.  The defendant bank filed a motion to dismiss, and the plaintiff customer filed a motion for summary judgment.  The trial court denied the customer's motion for summary judgment and granted the bank's motion to dismiss.  The plaintiff customer now appeals.  Discerning no error, we affirm.

 TENN. R. APP. P. 3 Appeal as of Right; Judgment of the Chancery Court is Affirmed

HOLLY M. KIRBY, J., delivered the opinion of the Court, in which DAVID R. FARMER, J., and J. STEVEN STAFFORD, J., joined.

Leslie Wooten, Jr., Millington, Tennessee, Plaintiff/Appellant, self-represented

Kristine L. Roberts and Imad Abdullah, Memphis, Tennessee, for Defendant/Appellees, Clay Barnett and First Horizon National Corporation

**MEMORANDUM OPINION**[1]

Plaintiff/Appellant Leslie Wooten, Jr. ("Mr. Wooten") had at least one bank account at First Tennessee Bank, a subsidiary of Defendant/Appellee First Horizon National Corporation ("Bank"). For reasons that are unclear in the record, the Bank apparently notified Mr. Wooten that one unidentified account would be put on hold or closed. This communication apparently prompted Mr. Wooten to visit a Bank branch, and an incident occurred during that visit. Thereafter, in October 2008, the Bank's corporate security department sent Mr. Wooten a letter stating the following:

> This letter should serve as notice from First Tennessee Bank, a division of First Horizon National Corporation, that your inappropriate communication at the First Tennessee Bank Raleigh financial center has been reported to the First Horizon Corporate Security department. We are requesting that you refrain from contacting First Tennessee Bank or entering any First Tennessee Bank or First Horizon facility. Failure to do so may result in First Horizon taking action in accordance with Tennessee Criminal Statute 39-14-405 regarding criminal trespassing.

After receiving the letter from the Bank, Mr. Wooten filed this lawsuit against the Bank and Bank employee Defendant/Appellee Clay Barnett (collectively "Defendants") in the Chancery Court of Shelby County, Tennessee. The lawsuit alleged fraud, misrepresentation, negligence, and a violation of the Tennessee Consumer Protection Act, Tennessee Code Annotated § 47-18-101, *et seq*. Mr. Wooten attached a copy of the Bank's letter to his complaint.

---

[1]Rule 10 of the Court of Appeals of Tennessee states:

> This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION," shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

The Defendants filed a motion to dismiss, pursuant to Rule 12.02(6) of the Tennessee Rules of Civil Procedure.[2]  Mr. Wooten then filed pleadings opposing the Defendants' motion to dismiss and also seeking a grant of summary judgment in his favor.

The trial court held a hearing on the parties' motions and took the matter under advisement. On June 12, 2012, the trial court entered an order denying Mr. Wooten's motion for summary judgment and granting the Defendants' Rule 12.02(6) motion to dismiss Mr. Wooten's complaint.

In its order, the trial court held that Mr. Wooten's complaint did not set forth a claim for relief showing that Mr. Wooten was entitled to relief as required by Rule 8.01 of the Tennessee Rules of Civil Procedure. *See* Tenn. R. Civ. P. 8.01 ("A pleading which sets forth a claim for relief . . . shall contain[] a short and plain statement of the claim showing that the pleader is entitled to relief . . . ."). The trial court observed that while the complaint mentioned legal theories and causes of action such as fraud, negligence, and the Tennessee Consumer Protection Act, it was "bar[re]n of factual allegations" to support the claims asserted. As to the fraud claim asserted by Mr. Wooten, the trial court held that the complaint "failed to satisfy the heightened pleading standards" for a claim of fraud set forth in Rule 9.02 of the Tennessee Rules of Civil Procedure. *See* Tenn. R. Civ. P. 9.02 ("In all averments of fraud . . . the circumstances constituting fraud . . . shall be stated with particularity."). Mr. Wooten timely filed this appeal.

On appeal, Mr. Wooten argues, *inter alia*, that the trial court erred in denying his motion for summary judgment, erred by not requiring the Bank to return the funds in his account, erred in denying his motion for certain discovery from the Bank, erred in declining to hold the Bank liable for misappropriation of his funds, and erred in not determining what the "inappropriate communications" were that formed the basis of the Bank's letter telling him not to contact or enter any Bank branch. On appeal, the Bank frames the issues as whether the trial court properly granted the Defendants' motion to dismiss, properly denied Mr. Wooten's motion for summary judgment, and properly denied Mr. Wooten's request for discovery.

---

[2]Tenn. R. Civ. P. 12.02(6) states:

> Every defense . . . shall be asserted in the responsive pleading thereto if one is required, except that the following defenses may at the option of the pleader be made by motion in writing . . . (6) failure to state a claim upon which relief can be granted . . . .

We consider first whether the trial court erred in granting the Defendants' Rule 12.02(6) motion to dismiss Mr. Wooten's complaint. As stated by our Supreme Court:

> A motion to dismiss a complaint for failure to state a claim filed pursuant to Tennessee Rule of Civil Procedure 12.02(6) " 'admits the truth of all of the relevant and material allegations contained in the complaint, but it asserts that the allegations fail to establish a cause of action.' " *Freeman Indus., LLC v. Eastman Chem. Co*., 172 S.W.3d 512, 516 (Tenn. 2005) (quoting *Leach* [*v. Taylor*], 124 S.W.3d [87,] 90 [(Tenn. 2004)]). We accept as true all factual allegations in the complaint. *Id*. We review *de novo* the trial court's legal conclusions . . . .

*Brown v. Tennessee Title Loans, Inc.*, 328 S.W.3d 850, 854-55 (Tenn. 2010) (citing Tenn. R. App. P. 13(d)). Therefore, in reviewing the trial court's decision, we presume all factual allegations in Mr. Wooten's complaint to be true and give Mr. Wooten the benefit of all reasonable inferences. *See Trau-Med of Am., Inc. v. Allstate Ins. Co.*, 71 S.W.3d 691, 696 (Tenn. 2002) ("In reviewing a motion to dismiss, the appellate court must construe the complaint liberally, presuming all factual allegations to be true and giving the plaintiff the benefit of all reasonable inferences.").

On appeal, we have carefully considered the arguments Mr. Wooten makes in his appellate brief and those made in his oral argument before this Court. We have thoroughly reviewed Mr. Wooten's complaint in light of both parties' arguments and the Rules of Civil Procedure. After such review, we must respectfully conclude that the decision of the learned trial judge is not erroneous. Therefore, we hold that Mr. Wooten's lawsuit against both Defendants was properly dismissed by the trial court. This holding pretermits all other issues raised on appeal.

The decision of the trial court is affirmed. Costs on appeal are assessed against Appellant Leslie Wooten, Jr., for which execution may issue if necessary.

_____
HOLLY M. KIRBY, JUDGE